UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Suzanne Gardner

v. Civil No. 13-cv-483-JL
Opinion No. 2015 DNH 126

Carolyn Colvin, Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Suzanne Gardner appeals the Social Security Administration's ("SSA") denial of her application for disability benefits. An Administrative Law Judge ("ALJ") found that Gardner suffered from degenerative lumbar disc disease, degeneration of the knees, obesity, fibromyalgia, and depression with a history of post-traumatic stress disorder. The ALJ nevertheless found that Gardner was not disabled within the meaning of the Social Security Act because she has sufficient residual functional capacity ("RFC") to work at jobs that exist in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A). The SSA Appeals Council subsequently denied Gardner's request for review of the ALJ's decision, rendering the ALJ's decision final. Gardner timely appealed to this court, pursuant to 42 U.S.C. § 405(g). In due course, Gardner moved to reverse the SSA's decision and SSA's Acting Commissioner moved to affirm the denial of benefits.

Gardner asserts two arguments. First, she claims that the ALJ's RFC finding did not properly consider her limitations.

Second, Gardner argues that the ALJ committed several related legal errors when he allegedly misstated objective medical evidence, inaccurately evaluated her credibility, and did not properly weigh her subjective complaints of pain.

After consideration of the parties' arguments and the administrative record, the court finds the record evidence sufficient to support the ALJ's decision. Therefore, Gardner's motion is denied and the Acting Commissioner's motion is granted.

## I. **Standard of Review**

The court's review of SSA's final decision "is limited to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). The ALJ's decision will be upheld if it supported by substantial evidence, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). This is less evidence than a preponderance but "more than a mere scintilla." Id.; Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). The possibility of drawing two inconsistent conclusions from the evidence does not preclude a finding of substantial evidence. Consolo, 383 U.S. at 620. Accordingly, the ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results are supportable. Rodriguez

Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). The court next turns to the ALJ's decision.

**II. Background**[1]

In analyzing Gardner's benefit application, the ALJ invoked the required five-step process. See 20 C.F.R. § 416.920. First, he concluded that Gardner had not engaged in substantial work activity after the alleged onset of her disability in May 2005. Next, the ALJ determined that Gardner suffered from several severe impairments: degenerative disc disease of the lumbar spine, fibromyalgia, knee degeneration, and depression with a history of post-traumatic stress disorder See 20 C.F.R. § 416.920(c). At the third step, the ALJ concluded that Gardner's impairments--either individually or collectively--did not meet or "medically equal" one of the listed impairments in the Social Security regulations. See 20 C.F.R. §§ 416.920(d), 416.925, & 416.926. The ALJ next found that Gardner had the RFC to perform light work with the ability to: frequently climb ramps, stairs, and ladders; frequently crawl; balance, stoop, kneel, and crouch without limits; interact with supervisors and co-workers; avoid the public except for on a very superficial and sporadic basis, limited to one-on-one interaction with the public

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts is incorporated by reference. See L.R. 9.1(d).

on a superficial level once or twice a day without any real substance; make simple work-related decisions in a routine work environment; and to engage in moderately complex four-to-five step instructions with an ability to understand, remember, and carry out those tasks. Given that the ALJ found at step four that Gardner could not perform any past relevant work,[2] the ALJ proceeded to step five, at which the SSA bears the burden of showing that a claimant can perform other work that exists in the national economy. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). Here, the ALJ, relying on Gardner's testimony and medical records and a vocational expert's testimony, concluded that Gardner could perform such jobs as cleaner, collator operator, and price marker, all of which exist in the regional and national economy. Accordingly, the ALJ found Gardner not disabled, within the meaning of the Social Security Act.

## III. Analysis

### A. Credibility

Undergirding much of this appeal is Gardner's claim that the ALJ improperly assessed her credibility and erroneously undervalued her subjective complaints of pain and impairment. These arguments are without merit.

[2]Gardner had previously worked as a classroom aide, bartender, laborer and cashier.

First, the court notes that while Gardner claims that "objective medical findings support [her] complaints of pain" in her back, ankles, knees and "overall body aches," her argument here merely recites her complaints, but contains few, if any, reference to objective findings the ALJ "misstated." Indeed, the very next sentence of Gardner's brief notes only that "at every office visit, [Gardner] complained of chronic pain between 2005 and 2008." The brief then goes on to detail those subjective complaints, but not the objective evidence that allegedly supports them.

Gardner also argues that, "given the strong medical evidence of [Gardner's] severe spinal pain, bilateral knee and ankle pain, and constant fibromyalgia pain . . . the ALJ should have given far greater credibility to the Plaintiff." But it is well-settled that an ALJ's credibility determination is entitled to deference, especially when supported by specific evidence. Simmons v. Astrue, 736 F. Supp. 2d 391, 401 (D.N.H. 2010) (citing Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987) ("[t]he credibility determination by the ALJ, who observed the claimant, evaluated [her] demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings")).

Here, the ALJ found that while Gardner's impairments could be expected to cause the symptoms of which she complained, she was not credible with respect to the intensity, limiting effects and persistence of those symptoms due to inconsistency with the objective medical evidence of record. For example, with respect to Gardner's claim of disabling back pain, the ALJ noted that the medical records indicated a diagnosis of only mild degenerative disc disease. Also, although Gardner frequently referenced fibromyalgia pain, the record was bereft of a formal diagnosis. Finally, Gardner's complaint of debilitating knee pain was offset by medical scans showing only mild degenerative left knee joint disease. While "complaints of pain need not be precisely corroborated by objective findings, [] they must be consistent with medical findings.” Dupuis v. Sec'y of Health and Human Servs., 869 F.2d 622, 623 (1st Cir. 1989)." Thus, the ALJ's conclusion that Gardner's complaints were inconsistent with the medical findings is well-supported.

The ALJ further supported his conclusions with reference to Gardner's reports of her activities of daily living, which, to some extent, conflicted with her claims of serious physical and non-physical limitations. This evaluation is entirely appropriate. Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 23 (1st Cir. 1986). As the ALJ noted, Gardner reported that she made and designed jewelry which she attempted to sell

locally, exercised both by walking and using a video game system, and cared for her own personal and household needs. This inconsistency provides sufficient support for the ALJ's determination that Gardner's subjective complaints were not entirely credible.

**B. Residual Functional Capacity**

Gardner next argues that the ALJ failed to take all of her limitations into account when assessing her RFC. She claims that pains in her back, knees and ankles, her lower extremity limitations and overall body aches and fatigue leave her unable to perform "light" work, as found by the ALJ, with the conditions previously noted. See 20 C.F.R. 404.967(b). Boiled to its essence, however, Gardner is doing little more than disagreeing with the evidentiary weight given to her subjective pain complaints, all of which the ALJ considered. By contrast, the ALJ's RFC finding is consistent with that of Dr. Thomas Phillips, a state examiner who opined that Gardner could perform light work --the only record opinion regarding plaintiff's functional abilities. The responsibility of weighing such evidence rests with the ALJ. Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001). Moreover, Dr. Phillips's conclusion was bolstered by treating nurse practitioner Todd Smith, who, in 2009, noted that he "saw nothing that would justify" disability benefits at that point in time. While Smith was not an "acceptable medical

source," 20 C.F.R. § 404.1513, and thus his opinion was properly given little weight, the ALJ correctly observed that Smith's opinion supported his RFC conclusion. 20 C.F.R. § 416.913(d)(1) (noting that it is permissible to use evidence from other "medical sources," including nurse practitioners); Alcantara v. Astrue, 257 F. App'x 333, 334-35 (1st Cir. 2007) ("The ALJ was required to weigh all of the evidence[,]" including those not deemed "acceptable medical sources.").

Gardner also takes issue with the ALJ's RFC finding insofar as it allegedly failed to consider all of her anxiety-related limitations. While it is true that Gardner complained of fatigue, depression and anxiety, the record does not support her argument that the ALJ wrongly concluded that she could "engage in moderately complex four to five step instructions with an ability to understand, remember and carry out those tasks." The ALJ considered evidence from treating social worker Kim Devine, who noted that Gardner would have some difficulty dealing with the public, a finding that the ALJ incorporated into his RFC determination, which limited such interactions to a "superficial and sporadic basis." With respect to carrying out instructions, a non-examining state agency medical consultant, Dr. Leizer, reported that his review of Gardner's treatment records showed that her activities of daily living appeared intact and that she would be able to perform the mental requirements of all levels of

work. See Berrios Lopez v. Sec'y of Health and Human Servs., 951 F.2d 427, 431 (1st Cir. 1991) (holding that non-examining consultants' reports are entitled to evidentiary weight); see also Quintana v. Comm'r of Soc. Sec, 110 F. App'x 142, 144 (1st Cir. 2004) (holding that "greater reliance" on consultants' reports is warranted where consultant considered reports of examining and treating doctors and supported conclusions with reference to medical findings).

Against this factual backdrop, the court finds that the ALJ's RFC determination was supported by substantial medical evidence.

## IV. Conclusion

While the record demonstrates that Ms. Gardner suffers from a variety of ailments, the ALJ's decision is nevertheless supported by substantial evidence. Claimant's motion to reverse[3] is DENIED. Defendant's motion to affirm[4] is GRANTED. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

[3] Document no. 14.

[4] Document no. 15.

Dated: June 17, 2015

cc: Christopher J. Seufert, Esq.
Daniel McKenna, Esq.
Kelie C. Schneider, Esq.
Robert J. Rabuck, AUSA